RE: APPOINTMENT OF NORRIS PRICE AS DIRECTOR OF REAL ESTATE COMMISSION
ATTORNEY GENERAL HENRY HAS RECEIVED YOUR LETTER OF MARCH 23, 1988, REGARDING THE PROPRIETY OF THE VOTE BY WHICH MR. NORRIS PRICE WAS APPOINTED AS EXECUTIVE DIRECTOR OF THE OKLAHOMA REAL ESTATE COMMISSION. YOU SPECIFICALLY INQUIRE AS TO THE LEGALITY OF SUCH ACTION, IN THAT THE TERM OF ONE OF THE PERSONS VOTING ON SAME HAD APPARENTLY EXPIRED, AND A SUCCESSOR HAD BEEN NAMED BY THE GOVERNOR AND CONFIRMED BY THE SENATE A FEW HOURS BEFORE SUCH ACTION. THE ATTORNEY GENERAL HAS AUTHORIZED ME TO PERSONALLY RESPOND TO YOUR QUESTION THROUGH THIS INFORMAL LETTER. YOUR QUESTION HAS BEEN RESOLVED BY PRIOR OPINION OF THE SUPREME COURT OF OKLAHOMA, AND IS ADDRESSED BY A PLAIN READING OF 51 O.S. 15 (1981) AND 51 O.S. 36.1 (1981). THEREFORE, ISSUANCE OF A FORMAL OPINION IS NOT FELT NECESSARY TO RESOLVE YOUR INQUIRY.
AS A PREDICATE TO THE FINAL ASSUMPTION OF POWER BY AN APPOINTED PUBLIC OFFICIAL, BOTH THE OKLAHOMA CONSTITUTION AND THE STATUTES OF THE STATE REQUIRE THAT THE OFFICER IN QUESTION TAKE THE REQUIRED OATH OF OFFICE. OKLA. CONST. ARTICLE XV, SECTION 1 AND 51 O.S. 36.1 (1981). UNTIL SUCH AN OATH IS TAKEN IN THE PRESCRIBED FASHION, THE OFFICER NAMED TO THE POSITION HAS NO AUTHORITY TO ACT. STATE EX. REL OKLAHOMA TAX COMMISSION V. MOURER, 596 P.2D 882, 887 (OKLA. 1979). TO QUOTE FROM THE MOURER DECISION:
 "WE AGREE WITH THE PETITIONER THAT THE OATHS ARE INTERCHANGEABLE BUT BOTH MUST BE PROPERLY SUBSCRIBED AND FILED WITH THE DESIGNATED AUTHORITY BEFORE AN APPOINTEE TO PUBLIC OFFICE CAN BECOME A DE JURE OFFICER."
(EMPHASIS BY THE COURT.)
IN SHORT, THE FACT THAT THE NEW APPOINTEE TO THE COMMISSION HAD BEEN CONFIRMED BY THE SENATE PRIOR TO THE VOTE IN QUESTION IS NOT THE DECISIVE POINT IN THE ANALYSIS. IT IS THE FACT THAT HE HAD NOT YET BEEN ADMINISTERED THE OATH OF OFFICE THAT IS DETERMINATIVE OF YOUR QUESTION.
AS TO THE PROPRIETY OF THE VOTE TAKEN BY THE COMMISSION MEMBER WHOSE TERM OF OFFICE HAD EXPIRED, IT IS WELL SETTLED IN OKLAHOMA THAT AN OFFICER HOLDING OVER UNTIL THE TIME HIS SUCCESSOR IS FULLY QUALIFIED TO SERVE MAY LAWFULLY VOTE AND TAKE ACTIONS PERMITTED THE OFFICE BY LAW. 51 O.S. 15 (1981).
WHETHER THE TAKING OF THE VOTE, GIVEN YOUR INDICATION THAT THE COMMISSION KNEW OF THE CONFIRMATION, WAS A PRUDENT ACTION ON ITS PART IT A QUESTION OF POLICY THAT I CANNOT COMMENT UPON, AS SUCH MATTERS RIGHTFULLY LIE WITHIN THE REALM OF THE LEGISLATURE AND THE COMMISSION.
I HOPE THAT THIS INFORMATION IS OF ASSISTANCE TO YOU. IF YOU HAVE ANY QUESTIONS ABOUT THIS LETTER OR THE REASONS UNDERLYING THE DECLINATION TO ISSUE A FORMAL OPINION, PLEASE FEEL FREE TO CALL ME AT YOUR CONVENIENCE.
(MICHAEL SCOTT FERN)